■ In the Matter of RICHARD R. SHARRER et al., Appellants, v HENRY J. SANDLAS et al., Doing Business as SPRING BROOK FARMS GRAIN COMPANY, Respondents. — Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered August 16, 1983 in Sullivan County, which, *inter alia,* dismissed petitioners' application, in a proceeding pursuant to CPLR 6221, for an order determining their rights as to certain property and vacating an order of attachment. ¶ The conflict at issue here arose from petitioners' claim that their security interest in a certain tractor and trailer is superior to that of respondents. Petitioners' security interest dates back to January 10, 1979 when petitioners, together with all of the other shareholders of a family business called D. H. Sharrer & Sons, Inc. (Sharrer), sold their stock in the company to Mandata Poultry Company (Mandata). Although the equity represented by these shares of Sharrer stock was only valued at $184,491.64, the purchase price was $2,450,000, of which $600,000 was paid at the closing. Mandata gave petitioners, as trustees for all the sellers, a note for the balance of $1,850,000. Mandata then caused its new corporate subsidiary, Sharrer, to issue a collateral bond in the amount of $1,850,000 to petitioners, secured by a purchase-money mortgage in that amount on all of Sharrer's real property, together with a security interest, creating a lien of $1,850,000 against all of Sharrer's machinery, equipment and rolling stock. ¶ In the spring of 1983, respondent Spring Brook Farms Grain Company sold grain to Sharrer in its present incarnation, on which Sharrer left an unpaid balance of $15,677. Respondents proceeded to attach Sharrer's tractor and trailer; but when they moved for an order to confirm the attachment, petitioners commenced the instant proceeding, contending that their security agreement, dated January 10, 1979, took precedence over respondents' attachment. Special Term ruled in favor of respondents, determining that petitioners' lien was null and void. This appeal ensued. ¶ Dispositive of this matter is section 274 of the Debtor and Creditor Law. It states that a conveyance of a business must be deemed fraudulent as to the current and subsequent creditors of the business when two elements are present: (1) the "conveyance [is] made without fair consideration when the person making it is engaged or is about to engage in a business", and (2) the "property remaining in his hands after the conveyance is an unreasonably small capital". ¶ Both of the required elements were present in the instant transaction. First, the lack of fair consideration was evidenced by the fact that in the course of the transaction, no consideration flowed to Sharrer, the corporate subsidiary. Petitioners received $600,000 plus a secured note for $1,850,000 as their part of the bargain. Mandata received all of the stock and hence complete ownership of Sharrer. However, the corporation itself was in no way enriched by the transaction. It was, instead, left deeply in debt, with all of its assets mortgaged to petitioners in the amount of $1,850,000. The second requirement of section 274, that the business has been left with "unreasonably small capital", was similarly satisfied here. After the transaction, Sharrer's corporate property was so encumbered by petitioners' mortgage and lien that it

was effectively left with no capital, and with a $1,850,000 debt. Accordingly, section 274 of the Debtor and Creditor Law mandates that the transaction in question be condemned as fraudulent and that the security interest created as a result thereof, as far as respondents are concerned, is rendered a nullity. ¶ In so holding, we note that section 274 specifically states that its provisions pertain "without regard to * * * actual intent". Under the statute, the transaction between petitioners and Mandata may be legally binding as to them, but ineffectual as to Sharrer's subsequent creditors, no matter how pure the parties' motives may have been, so long as the two required elements set forth in section 274 are present. Since these elements are present, the order of Special Term in favor of respondents should be affirmed (see *Matter of Tuller's, Inc.,* 480 F2d 49; *Matter of College Chemists,* 62 F2d 1058). ¶ Order affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Harvey, JJ., concur.